THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY DAVIS | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 05-4571 |
| O'NEILL, J. | | August   11  , 2009 |

<u>MEMORANDUM</u>

  Plaintiff Randy Davis filed his fourth amended complaint on January 30, 2009, alleging that defendants City of Philadelphia, Deputy Commissioner Charlotte Council, Captain Stephen Glenn, Lieutenant Anthony Washington, Inspector Aaron Horne, Sergeant Deborah Francis, Deputy Commissioner John Gaittens and Captain Levins[1] violated 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, et seq., by engaging in discriminatory behavior against plaintiff in response to plaintiff's protected civil rights activity.  Davis also alleges that defendant City of Philadelphia violated the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., the Labor Management Relations Act (LMRA), 29 U.S.C. § 141, et seq., and the Pennsylvania Public Employee's Relations Act (PERA), 43 P.S. § 11-1.101, et seq., by failing to comply with an arbitration award which ordered the City to restore Davis to the position he was in prior to the discriminatory acts.  Davis also alleges common law breach of contract and arbitration award claims for failure to comply with an arbitration award against the City.  Before me are

---

[1] Captain Levins' first name is not identified in any of the documents before me.

defendants' motion to dismiss in part[2] and Davis' response thereto.

BACKGROUND

Davis is a sergeant in the Philadelphia police force. In 2005, he was employed in the 39th district and was supervised by defendants Glenn and Washington. Davis supervised two female officers, Smamaya Bullock and Nijema Morris. In January 2005, Morris confided to Davis that Washington had been making unwelcome sexual comments and advances towards her. Davis also claims to have observed Washington making sexual comments to Bullock and Morris. Davis claims that he conveyed the female officers' concerns to Washington, told Washington he thought his behavior was inappropriate and advised him that Morris planned to file an Equal Employment Opportunity complaint against Washington. Davis claims that after this meeting, and in response to his advocacy for the female officers, Washington began a retaliatory campaign against him.

Davis claims that Washington told Davis to keep a close watch on Morris and track any minor rule infractions. Davis claims that he responded by stating that he did not feel comfortable doing so. Davis then alleges that Washington threatened to take action against Davis if he did not follow his command regarding Morris. Davis alleges that, after that meeting, Washington told Davis that he had witnessed Morris not wearing her hat while on duty and directed Davis to recommend formal disciplinary action against Morris. Davis refused to comply.

Davis alleges that Washington retaliated against him by reassigning his work duties to

---

[2] Defendants seek to dismiss the § 1983 claims against the City of Philadelphia, the § 1983 claims against Council, Horne, Gaittens and Levins, the PHRA claims against Council, Horne, Gaittens and Levins, the claim for punitive damages under § 1983 against the City and the claims for enforcement of the arbitration award under the FAA, LMRA, PERA and common law contract and arbitration doctrine.

defendant Francis, including the running of roll call and the preparation of daily assignment sheets.  Davis alleges that he was approached by Officer Theresa Brooks who told him that she was being retaliated against by Francis for her role in an Internal Affairs Bureau (IAB) investigation of Francis.  Davis asserts that he told Washington about this and Davis claims that Washington and Francis agreed to allow each other to continue their retaliatory campaigns.

Davis claims that Francis participated in the retaliatory campaign against him by making false allegations and complaints.  Davis alleges that Francis met with the Police Commissioner to ask that Davis be disciplined or transferred.  Davis claims that he approached Glenn about the alleged harassment and retaliation.  Davis claims that Glenn took Washington's side and joined the campaign to harass and retaliate against Davis.

Davis claims that Glenn, Washington and Francis wrote anonymous letters to the Police Commissioner, the Fraternal Order of Police, Channel 10 news and the IAB alleging that Davis had engaged in sexual misconduct with other police officers and was creating a hostile work environment.  Davis claims that Glenn transferred him to the Differential Police Response Unit (DPR), a unit composed of officers who were under investigation.  Davis alleges that defendant Council helped to effectuate the transfer.

Davis was investigated by the IAB for the charges of sexual harassment and creating a hostile work environment.  During the period of this investigation, Davis was demoted from sergeant to police officer, barred from entering the 35th and 39th districts and suspended from his employment.  Davis claims that defendant Gaittens issued the orders barring Davis from the districts.

Davis appealed the charges and disciplinary measures before the investigation concluded

and an arbitrator found that they were without merit.  The arbitrator ordered that Davis be restored to his prior rank, salary and benefits.

Prior to the investigation, Davis had taken the Lieutenant's test and was ranked thirty-fifth on the lieutenant candidates list.  Davis claims that had he not been placed under investigation he would have been promoted to lieutenant.  Davis also claims that as part of the arbitrator's decision to restore him to his position his place on the lieutenant candidates list should have been restored.  The arbitrator's decision did not explicitly address whether Davis' position on the list should be restored.

Davis alleges that since the arbitrator's order he has been harassed by the IAB and charged with a variety of frivolous violations and infractions.  He alleges that he has been denied previously approved transfers to units with opportunities for increased income and overtime. Davis also alleges that Washington assaulted him by hitting his chair, which resulted in Davis' successful request for a transfer to another district.

Davis claims that defendants Council and Levins, both involved with the IAB, have worked together to retaliate, harass and punish Davis for civil rights advocacy on behalf of female officers and his own claims since the investigations.  He claims that they have stacked the Police Board of Inquiry (PBI) against him, ensuring that defendants would be in control of the board.  Davis alleges that defendant Horne participated in the retaliatory detail assignment of Davis to the DPR.

Davis claims that all of these acts were undertaken as part of an official policy or custom of the Philadelphia Police Department to retaliate against police officers who advocate for the civil rights of other officers and who refuse to engage in retaliatory actions on command.  Davis

claims that those of higher rank have instituted a custom of "whiteshirts sticking together" for claims of harassment and practices of retaliating against those who raise such issues and, while these policies are not written, they are a department-wide custom.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted), see also Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1940, 1949 (2009), explaining that Rule 8 requires more than "threadbare recitals of a cause of action" or "an unadorned, the-defendant-unlawfully-harmed-me accusation" to suffice. A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing

Scheuer, 416 U.S. at 236.

DISCUSSION

This court has jurisdiction over Davis' federal law claims alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 2000e, 9 U.S.C. § 1 and 29 U.S.C. § 141 as part of its federal question jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction over the state law claims for violations of 43 P.S. § 951, 43 P.S. § 11-1.101, as well as common law breach of contract claims, as part of its supplemental jurisdiction under 28 U.S.C. § 1367, as the state law claims form part of the same case or controversy. 28 U.S.C. § 1367 (a). Defendants seek to dismiss the § 1983 claim against the City of Philadelphia, the § 1983 claims against Council, Horne, Gaittens and Levins, the PHRA claims against Council, Horne, Gaittens and Levins, the claim for punitive damages under § 1983 against the City and the claims against the City for the enforcement of the arbitration award.

I.  Davis' § 1983 Claim Against the City of Philadelphia

Davis alleges that the City of Philadelphia violated his constitutional rights by having an official policy of retaliating against those police officers who advocate for the civil rights of themselves and others and who refuse to engage in retaliatory actions on command. The City claims that Davis has failed to allege an official policy or custom, instead asserting examples of employee misconduct and conclusory statements about an official policy or custom without sufficient factual pleadings.

"Municipal liability attaches only 'when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury complained of.'" Robinson v. City of Pittsburgh, 120 F.3d

1286, 1295 (3d Cir. 1997), quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).

"To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what that custom or policy was." McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009), citing Phillips v. County of Alleghany, 515 F.3d 224, 232 (3d Cir. 2008). Davis identified a specific custom of retaliating against officers who speak out against the harassment of other officers in his complaint. However, he has not pled all the elements required to establish municipal liability under § 1983.

Davis has not alleged the involvement of a municipal policy maker, which is a necessary element to any claim of municipal liability under § 1983. To establish municipal liability Davis "must show that an official who has the power to make policy is responsible for either the affirmative affirmation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), citing Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990). Davis identifies the various individual defendants as municipal policymakers. However, to establish a defendant as a municipal policymaker, Davis must show that they possess "final, unreviewable discretion to make a decision or to take an action." Andrews, 895 F.2d at 1481. None of the defendants claimed by Davis to be municipal policymakers possess that type of authority as they are either a captain, lieutenant, sergeant, inspector or deputy. Id., see also Kennan v. City of Phila., 983 F.2d 459, 468-69 (3d Cir. 1992), holding that mid-level officers do not have final, unreviewable authority and that in the City of Philadelphia it is the Police Commissioner who possesses such authority; Jacobs v. City of Phila., 2004 WL 2850081, at *4 (E.D. Pa. Dec. 10, 2004), same; Martin v. City of Phila., 2000 WL 11831, at *9 (E.D. Pa. Jan. 7, 2000), same.

Davis alleges that defendants acted at the direction of final policymakers. However, without an allegation connecting a specific policymaker to the custom at issue, this part of Davis' complaint does not rise above the "formulaic recitation of the elements of a cause" which are insufficient to state a claim under Federal Rule of Civil Procedure 8(a)(2). Twombly, 550 U.S. at 555. See also McTernan 564 F.3d at 658-59, finding that simply paraphrasing the elements of a § 1983 claim was not sufficient to establish municipal liability without alleging the knowledge or actions of a specific municipal policymaker; Carlton v. City of Phila., 2004 WL 633279, at *7 (E.D. Pa. Mar. 30, 2004), holding that among the many deficiencies of a complaint was a vague reference to "[a] municipal decision-maker possessing final authority" without identification of the official.

While Davis has failed to identify a municipal policymaker and therefore has not stated a proper claim of municipal liability, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236; see also Carlton, 2004 WL 633279, at *7, granting leave to amend a complaint to identify a municipal policymaker and an official policy or custom. Davis has identified a custom. If he is able to identify a policymaker then he will have sufficiently alleged a claim of municipal liability. Therefore, I will dismiss the § 1983 claim against the City of Philadelphia with leave to amend.

II.     Davis' § 1983 Claims Against Council, Horne, Gaittens and Levins

Plaintiff alleges that Council, Horne, Gaittens and Levins violated his civil rights under § 1983 by participating in a retaliatory campaign against Davis to punish him for his advocacy on behalf of female officers and his refusal to comply with orders to harass said officers. Council, Horne, Gaittens and Levins claim that Davis has failed to allege sufficient factual allegations

against them to establish individual liability under § 1983.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be solely predicated on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981). "Cases dismissing complaints for failure to allege personal involvement seem to do so primarily when the allegations only connect an individual through the chain of command and when there is no allegation of personal knowledge." Carter v. Susquehanna Reg'l Police Dep't, 2009 WL 1183415, at *6 (E.D. Pa. Apr. 30, 2009), citing Rode, 845 F.2d at 1207-08; Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Davis need only allege "enough facts to raise a reasonable expectation that discovery could reveal evidence of the necessary elements of [his] § 1983 claim." Urey v. E. Hempfield Tp., 2009 WL 561664, at *7 (E.D. Pa. Mar. 4, 2009). For each of the defendants at issue Davis has pled sufficient personal involvement to survive a motion to dismiss.

Davis alleges that Council "effectuated the transfer" of Davis to the DPR unit and undertook to "retaliate, harass and punish" him. Davis also claims that Council has continued to participate in the retaliatory campaign against him by charging him with frivolous violations and infractions, and by "stacking" the PBI Board against him. Davis claims that Horne "participated in the retaliatory detail assignment" of Davis to the DPR. He claims that Gaittens "made the retaliatory orders barring [Davis] from the [35th and 39th] districts." Davis claims that Levins continues to participate in a retaliatory campaign against him by charging him with frivolous violations and infractions and has "stacked" the PBI Board against him. Davis alleges that

defendants all knew of his advocacy on behalf of female officers and acted with the intent to retaliate against him for that advocacy. Thus, Davis has alleged the personal involvement required to sustain a § 1983 complaint against a person in his individual capacity. Additionally, the facts alleged by Davis raise a reasonable expectation that discovery could reveal evidence of his claims. I will therefore deny defendants' motion to dismiss the § 1983 claims against Council, Horne, Gaittens and Levins.

> III.  Davis' PHRA Claims Against Defendants Council, Horne, Gaittens and Levins

Davis alleges that Council, Horne, Gaittens and Levins violated the PHRA by participating in the retaliatory campaign against him. Council, Horne, Gaittens and Levins claim that Davis has failed to plead a sufficient PHRA claim against them as he does not make any factual allegations which demonstrate that the actions taken by these defendants were done with the intent to discriminate.

The PHRA makes it unlawful for any individual to "aid, abet, incite, compel or coerce [the commission of] . . . an unlawful discriminatory practice." 43 Pa. Cons. Stat. Ann. § 955(e). To establish individual liability under the PHRA, a plaintiff must demonstrate that his employer unlawfully discriminated against him, that the individual defendant had supervisory authority over him and that the individual defendant "share[d] the intent" of the employer to unlawfully discriminate against the plaintiff. Dici v. Pennsylvania, 91 F.3d 542, 553 (3d Cir. 1996); see also Mathews v. Hermann, 2008 WL 1914781, at *20 (E.D. Pa. Apr. 30, 2008), citing Holochek v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491 (M.D. Pa. 2005), holding that individuals must "share the discriminatory purpose" to be liable under the PHRA.

Davis' claims under the PHRA are sufficient for the same reasons that his claims against

the individual defendants under § 1983 survive defendants' motion to dismiss. Davis alleges actions made in a supervisory capacity by Council, Horne, Gaittens and Levins that could be construed as aiding or abetting an unlawful discriminatory practice. He also alleges that these actions were committed with the intent to retaliate against him for his advocacy on behalf of female officers. As Davis has properly pled PHRA claims, I will deny defendants' motion to dismiss Davis' PHRA claims against Council, Horne, Gaittens and Levins.

   IV.  Plaintiff's Claims for Punitive Damages Against the City of Philadelphia

Davis is seeking punitive damages against the City under § 1983. I have already decided to dismiss the underlying § 1983 claim against the City with leave to amend. However, regardless of whether Davis can sufficiently plead a cause of action against the City under § 1983 if he chooses to amend his complaint, punitive damages are not available under § 1983 against municipalities and municipal employees. Udujih v. City of Phila., 513 F. Supp.2d 350, 358 (E.D. Pa. 2007), citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Therefore, I will grant defendants' motion to dismiss Davis' § 1983 claims for punitive damages against the City.

   V.  Davis' Claims Regarding the Arbitration Award

Davis seeks an immediate promotion from the City to the rank of lieutenant in the Philadelphia Police Department as part of the enforcement of the arbitration award under the FAA, the LMRA, the PERA, common law contract theory, and common law arbitration and award doctrine. The City seeks the dismissal of these claims for lack of standing, claiming that the arbitration award is an agreement between the City and Davis' union and only the union has standing.

A.      The Federal Arbitration Act Claim

Davis is seeking enforcement of the arbitration award under the FAA.  The City responds that Davis was not a party to the arbitration and therefore lacks standing to sue under the FAA.  The FAA allows litigation to enforce an arbitration award but requires that the suit be filed by a party to the arbitration.  9 U.S.C. § 9.  Employees generally lack standing to enforce arbitration awards because they are usually not parties to either the collective bargaining agreement or union-company arbitration.  See e.g., Vosch v. Werner Cont'l, Inc., 734 F.2d 149, 154 (3d Cir. 1984), cert denied, 469 U.S. 1108 (1985); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 131 (4th Cir. 2002); Katir v. Columbia Univ., 15 F.3d 23, 24-25 (2d Cir. 1994); Cleveland v. Porca, Co., 38 F.3d 289, 296-97 (7th Cir. 1994); Bacashishua v. U.S. Postal Serv., 859 F.2d 402, 405-06 (6th Cir. 1988).  However, Davis claims that he was a party to the arbitration.  At this stage in the litigation I will accept Davis' allegations as true.  Nami, 83 F.2d at 65.  While it may be shown in discovery that Davis was not a party to the arbitration, it is still a discoverable issue.  I will therefore deny the City's motion to dismiss Davis' FAA claim.

B.      The Labor Management Relations Act Claim

Davis also is seeking enforcement of the arbitration award under the LMRA.  The City asserts that while the LMRA does envision enforcement actions by an individual bargaining unit member against an employer such actions must include an allegation that the plaintiff's union violated its duty of fair representation by failing to enforce the award at issue.  While complaints against employers under section 301(a) of the LMRA are ordinarily brought along with claims that the employee's union violated the duty of fair representation, "the claims are not inseparable." Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993).  "A plaintiff who has a viable

hybrid claim against both the employer and the union may opt to bring only the section 301 claim against the employer or the breach of duty of fair representation claim against the union. . . . Either claim standing alone can be bought in federal court because each has an independent jurisdictional basis." Id., citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983).

However,

> the two claims are inextricably interdependent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show [the company's actions were] contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.' . . . The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues, one, the other or both.

DelCostello, 462 U.S. at 165, quoting United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 62 (1981), Stewart, J., concurring. Davis has not alleged a breach of the duty of fair representation which is necessary to sue an employer under the LMRA. However, Davis has expressed a desire to amend his complaint to include that allegation, and I will allow him to amend his complaint to cure that deficiency as the amendment would not be futile. I will therefore grant the City's motion to dismiss the claim and dismiss Davis' LMRA claim with leave to amend.

### C.     The Pennsylvania Public Employee Relations Act Claim

Davis also seeks enforcement of the arbitration award under the PERA. However, the Pennsylvania Labor Relations Board has exclusive jurisdiction to enforce an arbitration award under the PERA. See e.g., AFSCME, Dist. Council 47 v. Phila., 523 A.2d 421, 422 (Pa. Commw. Ct. 1987); Hotel & Rest. Emples. Int'l Union Local No. 391 v. Sch. Dist. Allentown City, 702 A.2d 16, 18 (Pa. Commw. Ct. 1997). As I lack jurisdiction over these PERA claims, I will therefore grant the City's motion to dismiss Davis' PERA claims.

   D.  Common Law Contract Claims

Davis also seeks enforcement of the arbitration award under common law contract theory. The City counters that Davis was not a party to either the collective bargaining agreement or the arbitration and therefore lacks standing to sue for a breach of contract.

To determine whether an individual employee has standing to challenge an arbitration award, Pennsylvania courts look to whether the collective bargaining agreement "specifically authorizes the individual employee to pursue grievances in his own right, to refer unresolved grievances to arbitration, and, as a necessary consequence of those authorizations, to appeal from an adverse award." Kozura v. Tulpehocken Area Sch. Dist., 791 A.2d 1169, 1174-75 (Pa. 2002); Bonifate v. Ringold Sch. Dist., 961 A.2d 246, 252 (Pa. Commw. Ct. 2008). Only if the employee is authorized by the collective bargaining agreement to pursue these individual actions may he pursue an individual action appealing an arbitration award. Bonifate, 961 A.2d at 252. As neither party has briefed the issue of whether the collective bargaining agreement allows for the pursuit of individual actions that would give Davis standing to challenge or enforce the arbitration award, I will defer consideration of the City's motion to dismiss this claim to allow briefing on this issue.

   E.  Common Law Arbitration and Award Doctrine Claim

Davis also seeks enforcement of the contract under the "common law arbitration and award doctrine." Neither the City nor I have found case law supporting that a cause of action exists under a common law arbitration and award doctrine. Therefore, I will grant the City's motion to dismiss any claims under such a doctrine.

An appropriate Order follows.